UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re Rule 45 Subpoena
Directed to Non-Party
Mostafa Macida, M.D.

Misc. Action No.: 6:26-mc-10-RBD-LHP

Related Case: *Miranda v. Florida Beauty Flora, Inc.*, No. 1:25-cv-21738-DPG (S.D. Fla.)

_____/

**DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE WHY MOSTAFA MACIDA, M.D. SHOULD NOT BE HELD IN CONTEMPT AND/OR COMPELLING COMPLIANCE WITH SUBPOENA**

COMES NOW, the Defendant, FLORIDA BEAUTY FLORA, INC., as it relates to the above-identified related case, by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 45, hereby moves for an order to show cause why Mostafa Macida, M.D. ("Dr. Macida") should not be held in contempt, and in support thereof states as follows:

1.  Plaintiff filed this action against Defendant, alleging disability discrimination in violation of the Americans with Disabilities Act (ADA).

2.  In furtherance of obtaining information pertinent to Plaintiff's claim, the undersigned issued a Subpoena to Produce Documents, Information, or

Objects to Dr. Macida (hereinafter "Subpoena")[1]. A copy of the Subpoena is attached hereto as **Exhibit "1"**.

3. Plaintiff claims he worked for Defendant as a commercial motor vehicle driver, holding a commercial driver's license ("CDL"). In discovery, Plaintiff produced a written prescription showing that Dr. Macida wrote Plaintiff a prescription for a condition that appears to be disqualifying for CDL holders. As Plaintiff must, *inter alia*, show that he is a "qualified individual with a disability" to establish a *prima facie* case under the ADA, information in Dr. Macida's possession regarding his care of Plaintiff appears highly relevant.

4. On November 11, 2025 at 4:03 p.m., the Subpoena was personally served on Dr. Macida at his office, located at 28279 U.S. Route 27, Dundee, Florida 33838. A copy of the Return of Service is attached as **Exhibit "2"**.

5. The Subpoena requested the following regarding Plaintiff:

    a. Any and all records, including emergency room records, inpatient records, outpatient records, reports, patient information sheets, intake forms and questionnaires, appointment records, missed appointment records, patient questionnaires, prescription records, tests and test results, drug and alcohol test results, medical and/or mental health assessments, referrals to other health care providers, consultant reports, admit sheets, histories, x-rays, x-ray reports, radiographic reports, MRIs, MRI reports, electroencephalograms, and other imaging and imaging reports, lab reports, nurses' notes,

---

[1] The Subpoena contained a misspelling of Dr. Macida's surname, spelling it as "Macinda", rather than Macida. However, upon telephone contact with Dr. Macida, as described in paragraphs 7-8 herein, Dr. Macida did not deny that he had been served with the Subpoena.

      physicians' notes and orders, charts, graphs, discharge summaries, operative reports, physical therapy, occupational therapy, and/or other therapy orders, assessments, and/or records, and notes, and any and all other records including psychiatric records and materials pertaining to JOSE LUIS MIRANDA, Date of Birth: [intentionally omitted]. This request should also include, but is not limited to, any and all reports for any other accidents, injuries, illnesses, infectious diseases, mental or nervous disorders, or any other medical or diagnostic records.

    b. Any and all other medical information which you have as of the date of your response to this Subpoena.

    c. Any and all billing statements.

    d. Any other files or records, no matter how kept or generated, pertaining to JOSE LUIS MIRANDA, Date of Birth: [intentionally omitted].

6.    The Subpoena commanded Dr. Macida to produce the requested records on November 24, 2025, at 10:00 a.m. at 9100 Conroy Windermere Road, Suite 200, Windermere, Florida 34786, a place less than 100 miles from where Dr. Macida is employed and regularly transacts business in person. The Subpoena also provided the undersigned's email address and telephone number.

7.    November 24, 2025 came and went without any document production from Dr. Macida. Moreover, Dr. Macida failed to object, move to quash or modify the Subpoena, or request an extension of time to comply from Defendant.

8.    On February 17, 2026, in an effort to obtain compliance with the Subpoena, the undersigned's paralegal called Dr. Macida and spoke with him by telephone. During that call, Dr. Macida stated that he did not have any records

relating to the Plaintiff, and the undersigned's paralegal asked Dr. Macida whether he would be willing to sign a certificate attesting to the alleged fact that he did not have records relating to the Plaintiff. Dr. Macida replied that he would sign such a certificate, if mailed to him, but that he did not "do email."

9. Subsequent to the call with Dr. Macida, and after reviewing records that were obtained pursuant to another non-party Subpoena, the undersigned's paralegal discovered that Dr. Macida had written a prescription for the Plaintiff. As a result, the undersigned's paralegal again called Dr. Macida and informed him there were records indicating that Dr. Macida had written a prescription for the Plaintiff, to which Dr. Macida replied by asking if the Plaintiff was a truck driver. When the undersigned's paralegal answered that question in the affirmative, Dr. Macida placed the undersigned's paralegal on hold, and then the call was disconnected.

10. After being disconnected, the undersigned's paralegal and another attorney working in the undersigned's office attempted to reach Dr. Macida by telephone two additional times on February 18, 2026. However, Dr. Macida did not answer his telephone, and no voicemail could be left due to the voicemail not accepting messages because it had not been set up.

11. On February 19, 2026, the undersigned's paralegal sent an email to Dr. Macida (using the email address referenced in footnote 2) that detailed the

attempts to obtain compliance with the Subpoena[2]. A copy of the February 19, 2026 email to Dr. Macida is attached as **Exhibit "3"**. As of the date this Motion is filed, Dr. Macida has failed to respond to the email attached as Exhibit 2.

12. The information sought in the Subpoena is relevant to matters before the Court, including subjects that will be examined in the Plaintiff's deposition, in any future summary judgment motions, and during trial in this matter. More specifically, the information sought may shed light on the Plaintiff's alleged disability and his qualification for employment, a necessary element of the Plaintiff's claim.

13. For the reasons stated herein, the Defendant respectfully requests that this Court enter an Order to Show Cause why Dr. Macida should not be held in contempt and/or compelling Dr. Macida to produce any and all records relating to the Plaintiff, as outlined in the Subpoena.

14. The Movant assures this Court that this Motion is filed in good faith.

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure permit a party to procure discovery from a non-party through the issuance and service of a subpoena. *See* Fed. R. Civ. P. 45. "Indeed, a properly issued and served subpoena provides a court with

---

[2] Although Dr. Macida previously stated that he did not "do email", the undersigned's paralegal obtained Dr. Macida's email address from the Florida Department of Health's website.

jurisdiction over a non-party witness within the court's territorial jurisdiction with respect to the discovery requested in the subpoena." *S.W. v. City of New York*, No. 10-14241-CIV-MOORE/LYNCH, 2011 U.S. Dist. LEXIS 170257, at *6 (S.D. Fla. June 10, 2011) (quotation and citation omitted).

Although a subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is an act in defiance of a court order and exposes the defiant non-party to contempt sanctions. *United States S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010). Under Rule 45(g), the issuing court may hold a non-party in contempt for failure to obey the subpoena without an adequate excuse. Fed. R. Civ. P. 45(g).

Dr. Macida was properly served with the Subpoena, and his complete disregard of the Subpoena is tantamount to a violation of an order from the Court. Under the circumstances, and particularly where, as here, Dr. Macida has not taken the appropriate steps to excuse compliance with a duly served subpoena, Dr. Macida should be compelled to produce all documents requested by the Subpoena forthwith.

**WHEREFORE**, the Defendant, Florida Beauty Flora, Inc., respectfully requests that the Court enter an order requiring Dr. Macida to:

A.  Show cause, if any, as to why he should not be held in contempt for failing to comply with the Subpoena; and/or

B. Comply immediately with the Subpoena issued by the Defendant; and

C. Reimburse the Defendant for the costs expended in obtaining compliance with the Subpoena to the extent that Dr. Macida fails to comply with the Subpoena prior to the date of any scheduled show cause hearing.

## LOCAL RULE CERTIFICATE OF CONFERRAL

Pursuant to Rule 7.1(a)(3), Counsel for the Defendant certifies that he has made reasonable efforts to confer with the non-party, Dr. Macida, who may be affected by the relief sought in the motion, but has been unable to do so for the reasons described in paragraphs 7-10 herein. Counsel for the Defendant has conferred with Counsel for Plaintiff regarding the relief sought in this Motion and is authorized to state that the present Motion is unopposed.

Respectfully submitted,

*/s/ Joseph E. Blitch*
JOSEPH E. BLITCH, ESQUIRE
Florida Bar No.: 40592
BLITCH WESTLEY BARRETTE, S.C.
9100 Conroy Windermere Road, Suite 200
Windermere, Florida 34786
Telephone: (407) 574-2835
Facsimile: (608) 829-2982
Primary: jblitch@bwesq.com
Secondary: bblitch@bwesq.com
Third: mmock@bwesq.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day of March, 2026, a true and correct copy of the foregoing certificate was electronically filed with the Clerk of Court via the CM/ECF System, causing a Notice of Electronic Filing to be sent to all counsel of record. In addition, I also certify that a copy of this Motion was served via Email and private process server and First Class U.S. Mail and Certified Mail, Return Receipt Requested [Parcel I.D. #7020 0090 0002 0896] to:

Dr. Mostafa Macida
28279 U.S. Route 27
Dundee, Florida 33838
emacida@yahoo.com

                                                */s/ Joseph E. Blitch*
                                           JOSEPH E. BLITCH, ESQUIRE